Dear Mr. Moresi:
This opinion is in response to your request of February 6, 2009, in which you presented the following facts:
FACTS
The Chris Crusta Memorial Airport is located entirely within the city limits of Abbeville, Louisiana, but, some of the approaches subject to airport hazard zoning ordinances are outside the city's corporate limits, in the Third Ward of Vermilion Parish. The Federal Aviation Administration (FAA) has requested that the Vermilion Parish Police Jury and the City of Abbeville adopt identical airport hazard zoning ordinances. It has been proposed that the Parish and the City enter into an intergovernmental cooperative agreement in which enforcement of the airport hazard zoning ordinances adopted by the Parish would be delegated to an aviation board that has been created by the City.
In response to my letter to you of February 26, 2009, you provided the following additional information: The City of Abbeville owns the airport. The City has already created an aviation board, but the creation of a joint City-Parish board is possible. Assuming the City currently has authority to zone the airport approaches outside the city limits, the parish would probably simply ratify and approve the City's ordinances rather than pass its own, detailed ordinances, if that will meet the FAA requirements. *Page 2 
An airport hazard endangers the lives and property of users of the airport and occupants of land in its vicinity, reduces the size of the area available for take-off and landing, and tends to destroy or impair the public health, public safety or general welfare. La.R.S. 2:382.
To promote the safety and general welfare of the community, the governing body of municipalities and of the parishes may promulgate, administer, and enforce airport zoning regulations limiting the height of objects and otherwise regulate the use of property in the vicinity of airports. La.R.S. 2:381.
Every municipality or parish having an airport within its jurisdiction may adopt, administer and enforce, under its police power, airport zoning regulations, which regulations shall divide the area surrounding the airport into zones and within such zones, specify the land uses permitted and regulate the height of structures and objects. La.R.S.2:383.
The Airport Zoning Law, at La.R.S. 2:384(A), recognizes that the Airport Zoning Law takes precedence over general zoning laws; La.R.S.2:384 (B) and (C) provide for the joint promulgation, administration, and enforcement of zoning ordinances by two or more political subdivisions, and for extending the territorial jurisdiction of a political subdivision to that part of its airport which is located outside its geographical limits, as follows:
 A. In the event that a political sub-division has adopted, or hereafter adopts, a general zoning ordinance, regulating, among other things, the height of buildings, any airport zoning regulations adopted for the same area or portion thereof under this Chapter, may be incorporated in and made a part of such general zoning regulations, and be administered and enforced in connection therewith, but such general zoning regulations shall not limit the effectiveness or scope of the regulations adopted under this Chapter.
 B. Any two or more parishes or other political subdivisions may agree, by ordinance duly adopted, to create a joint board and delegate to said board the powers herein conferred to promulgate, administer, and enforce airport zoning regulations to protect the aerial approaches of any airport or landing field located within the corporate limits of any one or more of said political subdivisions. Such joint boards shall have as members two representatives appointed by the chief executive officer of each political subdivision participating in the creation of said board and a chairman elected by a majority of the members so appointed. *Page 3 
 C. The jurisdiction of each parish or other political subdivision is hereby extended to the promulgation, administering and enforcement of airport zoning regulations to protect the approaches of any airport or landing field which is owned by said parish or other political subdivision but located wholly or partially outside the corporate limits of the parish or other political subdivision. In case of conflict with any airport zoning or regulations promulgated by any other parish or other political subdivision, the regulations adopted pursuant to this sub-section shall prevail.
The procedures for promulgation, administration and enforcement of airport hazard zoning regulations are specified in La.R.S. 2:386, which also provides, in Subsection B, for the delegation of such administration and enforcement by a political subdivision to any agency under its jurisdiction or to a newly-created agency.
In addition to the specific zoning provisions, above, La.R.S. 33:1324
provides generally for cooperative agreements between political subdivisions to provide services related to the public health or safety, as follows:
 Any parish, municipality or political subdivision of the state, or any combination thereof, may make agreements between or among themselves to engage jointly in the construction, acquisition or improvement of any public project or improvement, the promotion and maintenance of any undertaking or the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity or exercise such power as may be necessary for completion of the undertaking. Such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purposes of the agreement, and such agreements may include but are not limited to activities concerning:
 (1) Police, fire and health protection.
 (2) Public utility services, such as water, electricity, gas, roads, bridges, causeways, tunnels, ferries and other highway facilities, and public transportation.
 . . . .
 (4) The construction or acquisition or improvement, and operation, repair and maintenance of public projects or improvements, whether or not *Page 4 
rentals or other charges are fixed and collected for the use thereof, including but not being limited to roads, bridges, tunnels, causeways, ferries and other highway facilities, water systems, electric systems, sewer systems, drainage systems, incinerators and garbage collections and disposal systems, and public transportation systems.
 (7) Purchase of materials, supplies and equipment for use in the maintenance of governmental services authorized under this part or under any other general or special law.
 . . . .
ANALYSIS
According to the facts presented, the property comprising the Chris Crusta Memorial Airport is located entirely within the corporate limits of the City of Abbeville, but some of the approaches to the airport, which require hazard zoning, lie outside the city but entirely within the Third Ward of Vermilion Parish. The definition of "airport" in La.R.S. 2:1(9) includes not only the real property comprising the airport grounds and runways, but, also the approaches, easements, and other interests in air space necessary to insure safe approaches to the landing areas. Thus, for purposes of hazard zoning under La.R.S. 2:381, et seq., the airport includes the airport property itself as well as the necessary take-off and landing approaches to the airport.
A political subdivision owning an airport may extend its airport zoning ordinance into an adjacent political subdivision so long as the airport is located wholly or partially outside of the corporate limits of its owner. Opinion 03-73, citing R.S. 2:384, recognized that the definition of "airport" can include the rights of way, easements, and other interests in air space over land or water and other protection privileges, the acquisition or control of which is necessary to insure safe approach to the landing area and efficient operation thereof. In Opinion 77-992, this office determined that a political subdivision owning an airport, part or all of which lies outside the boundaries of that subdivision, may extend its airport zoning ordinances into adjacent political subdivisions under La.R.S. 2:384(C). In interpreting the Louisiana Airport Zoning Law, La.R.S. 2:381-390, the opinion stated,
 It is our opinion that this subsection specifically authorizes a political subdivision which owns an airport to extend its airport zoning regulations into adjacent political subdivisions if the airport in question is located wholly or partially outside the corporate limits of its owner. *Page 5 
 In conclusion, we are of the opinion that the provisions of the Louisiana Airport Zoning Law supersede general zoning regulations adopted pursuant to Title 33 of the Louisiana Revised Statutes. There is nothing in the Airport Zoning law which would prohibit a political subdivision from adopting the provisions of the model airport hazard zoning ordinance found in Federal Aviation Agency Advisory Circular No. 150/5190-3A. Finally, a political subdivision owning an airport may extend its airport zoning ordinance into adjacent political subdivisions so long as the airport is located wholly or partially outside the corporate limits of its owner.
Opinion 80-554 is in agreement with the preceding opinion, and, in interpreting La.R.S. 2:384(B), states that,
 We are of the opinion that this provision allows a political subdivision to adopt, administer and enforce airport zoning regulations and extend such zoning controls beyond its boundaries where an airport owned by said political subdivision, or its approach areas, likewise extend beyond the boundaries of the political subdivision. It should also be noted that the approaches to an airport are included in the definition of airport found in R.S. 2:1.
Under La.R.S. 2:384, and in accordance with the above opinions, the airport zoning authority of the City of Abbeville has been extended to those portions of the approaches which lie outside the city's corporate limits. Under La.R.S. 2:386(B), that authority can be delegated to the airport board created by the city.
Under the Airport Zoning Law, and particularly La.R.S. 2:384(C) and2:386, the City of Abbeville and its airport board already possess complete authority to adopt, amend, administer, and enforce all necessary hazard zoning ordinances for the Chris Crusta Memorial Airport and its approaches, including those approaches lying outside the city's corporate limits. Further, in accordance with La.R.S. 2:384(A), the city's authority under the Airport Zoning Law supersedes any general zoning regulations which may be adopted by the parish pursuant to Title 33 of the Louisiana Revised Statutes. Opinion 77-992. Unless required by the FAA, Vermilion Parish does not have to exercise any hazard zoning jurisdiction over the airport or its approaches, whether the approaches are within or without the city's corporate limits.
If the FAA does require ordinances to be passed by Vermilion Parish in connection with the airport's hazard zoning regulations, then there are two ways in which that can be accomplished.
First, because the airport is deemed by La.R.S. 2:132 to be serving a public purpose and because the hazard zoning regulations are necessary for the protection of *Page 6 
the public health, safety and general welfare under La.R.S. 2:382, then Vermilion Parish and the City of Abbeville could enter into a cooperative agreement under La.R.S. 33:1324, to promulgate joint hazard zoning regulations for the airport and its approaches, and for the parish to cooperate with the city in the city's administration and enforcement of the joint regulations. Since the city already has full authority to administer and enforce such zoning regulations, as discussed above, such an agreement would not constitute a prohibited delegation of the parish zoning authority. The parish ordinances could completely duplicate the city's version of the ordinance, or the police jury could simply pass an ordinance approving and ratifying the city's specific, detailed airport zoning ordinances, including any subsequent amendments thereto.
Second, Vermilion Parish and the City of Abbeville could take advantage of La.R.S. 2:384(B) by passing ordinances to create a joint board and delegating to that board the power to promulgate, administer, and enforce airport zoning regulations to protect the aerial approaches of the airport. Once the board is created, it can then promulgate the necessary zoning regulations, thus eliminating the danger of having parish and city airport zoning regulations which may be inconsistent with each other. The creation of the joint airport zoning board appears to be preferable to the other option, as stated in Opinion 80-554, as follows:
 While R.S. 2:384 C would allow extraterritorial airport zoning without reciprocal ordinances, we direct your attention to R.S. 2:384 B, which expressly contemplates joint ordinances, and suggest that joint ordinances are preferable means of protecting public health, safely and welfare while fostering intergovernmental relations.
CONCLUSION
The Louisiana Airport Zoning Act, discussed above, specifically provides for the hazard zoning of airports and their approaches, and the City of Abbeville already possesses full authority to promulgate, administer and enforce hazard zoning regulations for the Chris Crusta Memorial Airport and its approaches, including the approaches which lie outside the city's corporate limits. Thus, a cooperative agreement, between the City of Abbeville and the Vermilion Parish Police Jury, which provides for the city to administer and enforce zoning regulations promulgated by the city and/or the parish, would not constitute a prohibited delegation of zoning authority by the parish. *Page 7 
If you have any questions regarding this opinion, or, if we may be of service in any way, please do not hesitate to contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: _________________________
 TERRY F. HESSICK Assistant Attorney General
JDC:TFH:jv